# Bauer, Appellant, *v.* Martin.

*Deed—Delivery—Recording—Judgments—Husband and wife.*

Where a deed from a husband and wife to a trustee for the wife is never delivered, and is only placed upon record after judgments have been entered against the husband, the deed is invalid as against purchasers at sheriff's sale under the judgments.

Argued Oct. 11, 1909. Appeal, No. 96, Oct. T., 1909, by plaintiffs, from judgment of C. P. Butler Co., March T., 1909, No. 2, on verdict for defendants in case of William Bauer et al. v. Louisa E. Martin et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Issue to determine title to real estate. Before GAL-BREATH, P. J.

The trial judge stated the facts to be as follows:

The deed of William Bauer and Catherine Bauer, his wife, was executed on November 25, 1872, to Benjamin Bauer, a brother of William, in trust for his said wife, Catherine, for life, and after her death in trust for the children of William Bauer in fee, subject, however, to the occupancy and control of the land therein described during his natural life and the right to sell and convey the same, if he should see proper, with the consent of his said wife. The land described in said deed consisted of a lot of ground situate on what is now West Jefferson street in the borough of Butler, and also an undivided one-half interest, being the whole interest of William Bauer in ten acres of land now wholly within said borough, being the interest now in dispute. The deed after being executed by William Bauer and wife, was given into the possession of said wife where it remained until December 14, 1875, when it was left for record by William Bauer. Benjamin Bauer, grantee in trust in said deed, had no knowledge, as he testifies, of its execution or existence, until after the present litigation was begun. William Bauer testifies that this deed conveying the life estate in the property to his wife was in

consideration of the fact that it was her money which had been used in the purchase of said lot on Jefferson street, the title to which had been taken in his own name. In so far as the children were concerned, the deed was a purely voluntary conveyance on the part of both William and wife.

On December 13, 1875, being the date before said deed was left for record by William Bauer, a number of judgments were entered against him in the common pleas court of Butler county amounting to $6,950, and on December 14, the day on which the deed was left for record, additional judgments were entered amounting to $8,690. Executions were issued on the judgments, entered December 13 as well as on said other judgments, and the said Jefferson street property and also the undivided one-half interest in the ten acres were levied upon as the property of William Bauer and sold to John Berg & Company by deed of George Walter, sheriff, dated June 21, 1876.

On the trial of the case, the jury were instructed that there was no delivery of the deed of William Bauer and wife to Benjamin Bauer, trustee, until it was left for record on December 14, 1875, and that no title could pass until delivery, in consequence of which, a sale of the land on the judgments entered on the thirteenth day of said month vested title to the land in the sheriff's vendee.

Defendants presented the following point:

1. The undisputed evidence being that the deed of November 25, 1872, was never delivered to Benjamin Bauer, the trustee named therein, nor to the cestuis que trustent therein, called the children of the grantor, though not named, nor to anyone else, but remained in the hands and custody of the grantors until placed by them upon record, December 14, 1875, there was no delivery in law prior to the entry of the judgments upon which the land in controversy was sold, and the deed is therefore invalid and of no effect as against the purchaser at sheriff's sale. *Answer:* That is affirmed.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was above instruction, quoting it.

*John D. Marshall,* for appellants.

*S. F. Bowser,* with him *W. D. Brandon,* for appellees.

PER CURIAM, October 25, 1909:

The defendant's first point was properly affirmed and was decisive of the case.

Judgment affirmed.